**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IAM NATIONAL PENSION FUND, *et al.*,<br>*Plaintiffs*,<br>v.<br>TRANSPORT MAINTENANCE CORP.,<br>*Defendant*. | Civil Action No. 26-435 (SLS)<br>Judge Sparkle L. Sooknanan |

## MEMORANDUM OPINION

IAM National Pension Fund and Yolanda Montgomery brought this lawsuit against Transport Maintenance Corp. (TMC) under the Employee Retirement Income Security Act of 1974 (ERISA), alleging that TMC failed to make required pension contributions in violation of 29 U.S.C. § 1145. When TMC did not answer, the Clerk of Court entered default in the Plaintiffs' favor. The Plaintiffs now move for default judgment, seeking $32,904.79 from TMC. For the reasons explained below, the Court grants that motion and awards $32,904.79 to the Plaintiffs.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiffs' "pleadings, motion for default judgment, and various attachments." *Omni Bridgeway Ltd. v. Ministry of Infrastructure & Energy of the Republic of Albania*, No. 23-cv-1938, 2025 WL 506570, at *1 (D.D.C. Feb. 14, 2025).

IAM National Pension Fund (the Fund) is a multiemployer pension benefit plan under ERISA. Compl. ¶¶ 6–7, ECF No. 1. Yolanda Montgomery is its Executive Director and has authority to initiate litigation on its behalf. Compl. ¶ 8. TMC is an employer under ERISA required to make pension contributions for eligible employees. Compl. ¶¶ 10, 14.

The Plaintiffs allege that TMC executed two collective bargaining agreements, one effective September 1, 2022, through September 1, 2025, and the other from September 1, 2025, through September 1, 2028. Compl. ¶ 18. These agreements bind TMC to the Fund's Trust Agreement and require TMC to make pension contributions for eligible employees. Compl. ¶¶ 13–14. When the Plaintiffs brought this action, TMC had failed to pay contributions totaling $50,156.58. Compl. ¶ 19. But it subsequently paid a portion of those contributions, totaling $31,987.97. Mot. Default Judgment at 1, ECF No. 6. According to the Plaintiffs, TMC still owes $18,168.61 in unpaid contributions. *Id.*

The Plaintiffs sued in February 2026. *See* Compl. They served TMC in March 2026, *see* Return of Service Aff., ECF No. 3, and TMC has failed to answer or otherwise respond. In April 2026, the Plaintiffs requested that the Clerk of Court enter default. *See* Aff. for Default, ECF No. 4. The Clerk then entered default, *see* Clerk's Entry of Default, ECF No. 5, and the Plaintiffs filed the instant motion seeking default judgment, *see* Mot. Default Judgment. The Plaintiffs' motion seeks $32,904.79 from TMC—$18,168.61 in unpaid contributions, $9,228.46 in outstanding interest for previously delinquent contributions, $3,633.72 in liquidated damages, and $1,874.00 in attorney fees and costs. *Id.* at 7. It also sought an order: (1) requiring TMC "to submit all missing remittance reports[,]" and (2) requiring TMC "to comply with an audit of its payroll records for the period starting on February 2023 through the present" and pay the costs of that audit. *Id.* at 8. The Plaintiffs later amended their request, noting that TMC has already provided the relevant remittance records and conceding that they are not entitled to an audit. Notice at 2–3, ECF No. 7. The Plaintiffs thus seek only monetary relief in the amount of $32,904.79. Proposed Order, ECF No. 7-1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for "default judgments, which safeguard plaintiffs when the adversary process has been halted because of an essentially unresponsive party." *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (cleaned up). The entry of default under Rule 55 establishes the defendant's liability. *See AARP v. Sycle*, 991 F. Supp. 2d 234, 238 (D.D.C. 2014) ("[The] defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." (cleaned up)). In this way, Rule 55 ensures that "the diligent party" in a lawsuit is "protected" if he encounters an "interminable delay and continued uncertainty as to his rights." *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970). "The determination of whether default judgment is appropriate is 'committed to the sound discretion of the trial court.'" *Lu v. Lezell*, No. 11-cv-1815, 2013 WL 12183952, at *1 (D.D.C. July 19, 2013) (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)). To meet the definition of "totally unresponsive," the defendant's default must be "plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (cleaned up). When the defaulting party has remained silent, Rule 55's standard is "satisfied." *Id.*

## DISCUSSION

The Plaintiffs have demonstrated their entitlement to default judgment. TMC has neither appeared nor responded to their Complaint or Motion for Default Judgment. And the Plaintiffs have pleaded facts sufficient to establish jurisdiction and their entitlement to relief. The Court thus enters default judgment in the amount of $32,904.79.

### A. Rule 55 Requirements

A plaintiff seeking default judgment must: (1) request that the Clerk of Court enter default based on the defendant's failure to respond and (2) file a motion for default judgment. *See Omni Bridgeway Ltd.*, 2025 WL 506570, at *3; *see also* Fed. R. Civ. P. 55. The Plaintiffs have completed both steps, *see* Aff. for Default; Clerk's Entry of Default; Mot. Default Judgment, so this threshold requirement is satisfied.

### B. Jurisdiction

Before granting default judgment, the Court "must satisfy itself that it has . . . subject-matter jurisdiction over the claims" and "personal jurisdiction over the absent parties[.]" *Omni Bridgeway Ltd.*, 2025 WL 506570, at *4. Here, the Court has subject-matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1), which vests "district courts of the United States" with "exclusive jurisdiction" over civil actions brought by fiduciaries under ERISA. *See also id.* § 1132(f) (noting that "district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties"). And the Court has personal jurisdiction over TMC pursuant to 29 U.S.C. § 1132(e)(2), as the Plaintiffs sued in the district where the plan is administered and where the alleged breach took place. *See Combs v. Pelbro Fuel, Inc.*, No. 83-cv-1524, 1983 U.S. Dist. LEXIS 10801, at *1–5 (D.D.C. Dec. 14, 1983) (discussing personal jurisdiction in ERISA cases).

### C. Right to Relief

Turning to the merits, the Plaintiffs seek $32,904.79 from TMC—$18,168.61 in unpaid contributions, $9,228.46 in outstanding interest, $3,633.72 in liquidated damages, and $1,874.00 in attorney fees and costs. Mot. at 10.

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. If an employer fails to make those required contributions, courts "shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the Court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate."

*Id.* § 1132(g)(2). Interest is calculated using the rate under the relevant plan, or if the plan provides none, the rate prescribed by 26 U.S.C. § 6621. *Id.*

Here, TMC was a party to two collective bargaining agreements that bind TMC to the Fund's Trust Agreement and require TMC to make pension contributions. Compl. ¶¶ 13–14, 18. Under that agreement, delinquent contributions are assessed interest at 18% per annum and liquidated damages at 20% of the amount due. Compl. ¶ 15. And the Plaintiffs have submitted a declaration from Nicole Tate, the Fund's Assistant Manager of Contribution Compliance, and spreadsheets detailing the amounts owed by TMC. *See* Declaration of Nicole Tate (Tate Decl.), ECF No. 6-1; Ex. 1, ECF No. 6-3; Ex. 2, ECF No. 6-4. According to these documents, TMC has failed to pay $18,168.61 in unpaid contributions, Tate Decl. ¶ 6; *see also* Ex. 1; owes $9,228.46 in outstanding interest for delinquent contributions, Tate Decl. ¶ 7; *see also* Ex. 2; and owes $3,633.72 in liquidated damages, Tate Decl. ¶ 9. The Plaintiffs have thus demonstrated an entitlement to these amounts.

The Plaintiffs also seek $1,874.00 in attorney fees and costs. This is based on 2.2 hours of attorney time (totaling $1,364.00 in attorney fees) and costs to file this suit and serve TMC (totaling $510.00 in costs). The Plaintiffs have submitted supporting documentation that demonstrates that these fees and costs are eminently reasonable. *See* Declaration of Attorneys' Fees and Costs, ECF No. 6-2 (detailing attorney fees under the Fitzpatrick Matrix); *see also* Ex. 3, ECF No. 6-5.

In sum, the Court will award the Plaintiffs $18,168.61 in unpaid contributions, $9,228.46 in outstanding interest for previously delinquent contributions, $3,633.72 in liquidated damages, and $1,874.00 in attorney fees and costs—for a total award of $32,904.79.

**CONCLUSION**

For the foregoing reasons, the Court grants the Plaintiffs' Motion for Default Judgment, ECF No. 6, and awards the Plaintiffs $32,904.79.

A separate order will issue.

SPARKLE L. SOOKNANAN
United States District Judge

Date: October 28, 2026